UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDREW THOMAS LEHET, JR.,

v.                                          Case No. 8:03-cr-297-T-17TGW
                                                     8:06-cv-1622-T-17TGW

UNITED STATES OF AMERICA.
_____

O R D E R

This case is before the Court on Defendant Lehet's 28 U.S.C. § 2255 motion for

summary judgment.  (CV-1; CR-73).  The Government has filed a response and Lehet has

filed a preliminary reply and a reply to the response. (CV-17, 19, 22).

BACKGROUND

On July 16, 2003, a grand jury in the Middle District of Florida charged Lehet, a

convicted felon, with possession of ten firearms in violation of Title 18, United States Code,

Sections 922(g)(1) and 924(a)(2) (Count One) and possession of unregistered firearms (a

silencer and short-barreled shotgun) in violation of Title 26, United States Code, Sections

5861(d) and 5871 (Count Two). CR-3.

Lehet pled guilty to both counts of the Indictment without a written plea agreement

and was adjudicated guilty on November 5, 2003. CR-18, 22. This Court sentenced Lehet

to 70 months' imprisonment. CR-24, 25. Lehet pursued a direct appeal, CR-26, which

resulted in the Government's certifying that resentencing was appropriate. In July 2004, the

Eleventh Circuit Court of Appeals issued a remand back to the district court for

resentencing. CR-39, 40.

Resentencing was scheduled for October 8, 2004, CR-41, but was postponed for

eleven months due to Lehet's medical procedures. CR-45-55. Over one year after remand, on September 29, 2005, this Court resentenced Lehet to 57 months' imprisonment, to be followed by 36 months' supervised release. CR-62, 64.

Lehet filed notice of appeal on October 19, 2005. CR-65. On December 19, 2005, Lehet's appeal was dismissed. CR-71. Lehet's conviction became final on March 19, 2006. See United States v. Sosa, 364 F.3d 507, 509 (4th Cir. 2004) (when defendant files but then dismisses direct appeal, conviction is deemed final ninety days after dismissal). Lehet's pending section 2255 motion, filed on September 1, 2006, CV-1, CR-73, is timely.

FACTUAL SUPPLEMENT TO THE BACKGROUND

Following Lehet's guilty plea to Counts One and Two of the indictment, a Pre-Sentence Report (PSR) was prepared in January 2004. This report detailed Lehet's medical problems including diabetes, hypertension and a heart condition, PSR ¶¶ 70-73, as well as his mental and emotional health issues. PSR ¶¶ 74-76.

At the January 16, 2004, sentencing, Lehet's counsel moved for a downward departure pursuant to USSG § 5K2.20, based upon USSG §§ 5H1.4 and 5K13. CR-35 at 20. Counsel advised that Lehet suffered from numerous psychological and health problems including diabetes, a severe heart condition, high blood pressure, back problems and circulatory problems and was on thirteen different kinds of medication. Id. at 21. Counsel noted, however, "I recognize the Bureau of Prisons can provide him with medical care." Id. This Court, after denying defense counsel's request for a downward departure and the government's request for a sentence in the middle/upper sentencing range, sentenced Lehet to 70 months imprisonment. Id. at 29, 35. The Court further recommended incarceration at Coleman or Butner, extensive medical examination, and substance abuse

2

counseling. Id. at 39-40.

Lehet filed an appeal arguing that the district court erred in enhancing his sentence, pursuant to USSG § 2K1.1(b)(3), for possessing a destructive device (an empty grenade shell). The Government conceded that Lehet was correct, certifying that remand for resentencing was warranted. The Eleventh Circuit Court of Appeals remanded the case back to this Court for resentencing. CR-40.  Resentencing was scheduled for October 8, 2004, CR-41, but was cancelled due to Lehet's surgeries to remove a cancerous growth under his eye. CR- 43, 44. At the Court's request, defense counsel filed monthly status reports regarding Lehet's medical status. CR-44. A total of ten status reports were filed. CR-45-53. These reports advised that Lehet suffered from cancer, diabetes, possible hypertension and "various other aliments". Id. In July 2005, approximately one year after resentencing was ordered, Lehet was medically cleared for travel. CR-54. Resentencing was set for September 19, 2005, CR-55, but continued until September 29, 2005, so defense counsel would have time to review Lehet's medical records because defense counsel believed "that the Defendant's medical condition should be considered by the Court in fashioning an appropriate sentence in this case." CR-58-60.

On September 28, 2005, the day before sentencing, Lehet filed a Motion for Mitigation of Sentence, CR-61, advising the Court that Lehet suffered from cancer, diabetes, chronic low back pain, hypertension, hyperlipidemia and other aliments and that in addition to medications to help control these aliments, the Bureau of Prisons issued "indefinite passes" to Lehet for a cane, knee supports/brace, back support/brace, and special bedding for his back and circulatory problems. Id. at 3. Lehet also advised the Court of mitigating factors regarding his post-sentencing rehabilitation while in custody including

3

his participation as a hospice volunteer, suicide watch volunteer, student, and acceptance into a drug education/treatment program. Id. at 3-4. In light of USSG §§ 5H1.4 and 5K2.19 as well as United States v. Booker, 543 U.S. 220 (2005) and 18 U.S.C. § 3553(a), Lehet argued that a downward departure to a sentence of 40 months imprisonment was reasonable. Id. at 8-9.

At the resentencing hearing, Lehet's health issues and post-sentencing rehabilitation efforts were addressed. CR-72 at 16-24. The Government opposed Lehet's request for downward departure but had no objection to a sentence at the low end of the guideline range. Id. at 27. Lehet addressed the court, advising that he took the Court's advice following his initial sentencing and started to do "some productive things". Id. at 33. Lehet further advised that the Bureau of Prisons had transferred him from a federal medical center to a prison in Terra Haute, Indiana, which was not a hospital. Id. at 34. Lehet stated that he had applied for veterans benefits and a V.A. claim number "because if the Bureau of Prisons cannot perform the operation [vascular replacement in his leg], I have to do something." Id. at 34-35. This Court engaged in a lengthy sidebar conversation about the possibility of getting Lehet medical treatment at various facilities including through the Bureau of Prisons and how to fashion an appropriate sentence given Lehet's medical conditions and the seriousness of the offenses to which he pled guilty. Id. at 36-42.

After denying defense counsel's request for a downward departure, this Court imposed the lowest possible guideline sentence, 57 months, with credit for time served, recommending incarceration at FMC Rochester due to extraordinary medical problems, FMC Butner for continuing care, or FMC Springfield, as well as extensive medical examination, all medications and surgeries indicated. Id. at 44-47, 51-52.

Lehet's appeal following resentencing was voluntarily dismissed in December 2005. CR-65, 71.

## DISCUSSION

Lehet claims that the district court's mistaken reliance on misinformation by the Government violated his Fifth Amendment Due Process rights, warranting that this Court now intervene, vacate his sentence and resentence him with a downward departure and order immediate placement in a half-way house for a period of six months. CV-1 at 6-10. Lehet contends that the United States, "undoubtedly acting in good faith when arguing that the BOP would best be able to provide Movant with medical care", caused the district court to adopt its mistaken belief that the BOP would honor the court's recommendations and provide Lehet medical care he claims is necessary. Id. at 8.

### Due Process and Misinformation

Pursuant to 28 U.S.C. § 2255, the sentencing court is authorized to vacate or modify a sentence if the sentence was imposed in violation of the Constitution or laws of the United States, the court lacked jurisdiction to impose such a sentence, the sentence was in excess of the maximum authorized by law, or it is otherwise subject to collateral attack. Due process guarantees all defendants the right to be sentenced under an accurate understanding of the law and any facts relevant to sentencing. See generally Townsend v. Burke, 334 U.S. 736, 740-41 (1948); United States v. Tucker, 404 U.S. 443, 447 (1972). Errors of law or fact do not provide a basis for a collateral attack unless the alleged error constitutes a fundamental defect that inherently resulted in a complete miscarriage of justice. United States v. Addonizio, 442 U.S. 178, 185 (1979). A district court's reliance on misinformation alone does not constitute a fundamental defect justifying section 2255 relief.

5

United States v. Blackwell, 127 F.3d 947, 954 (10th Cir. 1997). Only misinformation of a constitutional magnitude is cognizable under section 2255. Addonizio, 442 U.S. at 187; Blackwell, 127 F.3d at 954; United States v. Sunrhodes, 831 F.2d 1537, 1542 (10th Cir. 1987). A claim based on the frustration of the sentencing court's expectation does not provide grounds for a collateral attack pursuant to section 2255. Addonizio, 442 U.S. at 187.

Bureau of Prisons Designation Authority

Pursuant to 18 U.S.C. § 3621(b), the Bureau of Prisons "shall designate the place of the prisoner's imprisonment", directing the Bureau of Prisons to "consider[ ] the sentencing court's recommend[ation]" as to the type of facility that would be appropriate for an imprisoned defendant. See also, e.g., United States v. Pineyro, 112 F.3d 43, 45 (2d Cir. 1997). Decisions to place a convicted defendant within a particular program or a particular facility are decisions within the sole discretion of the Bureau of Prisons. See e.g., Gereau v. Henderson, 526 F.2d 889, 896-97 (5th Cir. 1976) (initial determination of the place and specific facility of confinement is almost wholly confided in the Attorney General. Sentencing court may only recommend a place of confinement.); Clay v. Henderson, 524 F.2d 921, 924 (5th Cir. 1975) (Bureau of Prisons possesses absolute authority, absent showing of abuse of discretion, to designate the place of a prisoner's confinement); Thye v. United States, 109 F.3d 127, 130 (2d Cir. 1997); United States v. Williams, 65 F.3d 301, 3097 (2d Cir. 1995).[1] Accordingly, a sentencing court has no authority to order that a

[1]See also Prows v. Federal Bureau of Prisons, 981 F.2d 466, 468-9 n.3 (10th Cir. 1992) (Bureau of Prisons has authority to designate inmates' place of confinement); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (same); Barden v. Keohane, 921 F.2d 476, 483 (3rd Cir. 1990) (same); Falcon v. Knowles, 807 F.Supp. 1531, 1533 (S.D. Fla. 1992) ("The designation of a prisoner to a place of confinement is entirely within the discretion of prison authorities"); United States v. Jackson, 70 F.3d 874, 877-78 (6th Cir. 1995) (court

convicted defendant be confined in a particular facility or placed in a particular program. United States v. Johnson, 223 F.3d 665, 673 (7th Cir. 2000); Williams, 65 F.3d at 307.

At the September 29, 2005 resentencing, this Court conducted a lengthy sidebar in an attempt to fashion a sentence which took into consideration Lehet's medical issues while recognizing the seriousness of the offenses to which Lehet pled guilty. The Court, well-advised in advance of Lehet's medical and psychological issues, discussed various options for incarceration, frequently questioning the participants regarding particular institutions. CR-72 at 36-42. The Court questioned why Lehet had been transferred from FMC Butner to Terra Haute prior to his resentencing. Id. at 40. The Court correctly noted that the Bureau of Prisons does not have to follow her recommendation. Id. at 41. The Court further noted that Lehet probably had no insurance, assistance from the V.A. was not guaranteed and that "his chances of being treated on the outside as opposed to the inside I think are less." Id. at 41. The court also stated, "Let me tell you the fact that they shipped him out of Butner is not a surprise to me because Butner is getting overloaded." Id. at 41. At the conclusion of the sidebar, the court addressed Lehet:

> I will tell you that I am going to recommend that you go to Rochester where they have the Mayo Clinic
> . . . .
>
> Conversely, I will tell you, the fact that they've designated you to Terra Haute is not a good sign. It's not a good sign because they have looked at your record.

THE DEFENDANT: Yeah.

THE COURT: And figure you're the kind of person that needs to be at Terra

---

cannot order a defendant's participation in Bureau of Prisons' drug treatment program, but can recommend prisoner receive treatment while incarcerated).

Haute. And there's no question about the Bureau of Prisons having medical facilities available to them to do what they need to do, either with local medical contracts that they have with local facilities and physicians and specialists. Far better than what we have here in the contract space that the marshals have

. . . .

THE COURT: This report now will show a modification of that. What, if any, impact that will have with regard to your designation to Terra Haute, I don't know. What, if any, Court's recommendation that you be placed in Rochester because of your extraordinary medical circumstances at the present time and the Court's perception that the Mayo Clinic may be interested in examining you for those extraordinary medical circumstances, that's just about the way I want to phrase it – I still come back to what it is you're entitled to of (sic) I'm going to give you the low end of the guideline sentence.

Id. at 43-45.

Lehet's claim that the district court relied on material misinformation regarding the "BOP's longstanding practice of observing recommendations of court judgments" is negated by the record. No "misinformation" was provided to or relied upon by this Court in fashioning Lehet's sentence. The transcript reveals that this Court was aware that Lehet was no longer designated to a medical facility when he appeared before her for resentencing. Likewise, it is abundantly clear from the record that this Court was very aware that her recommendations regarding place of confinement were simply that: recommendations that were not binding upon the Bureau of Prisons.

Lehet's situation is easily distinguishable from the case he relies upon, United States v. Eakman, 378 F.3d 294 (3rd Cir. 2004). In Eakman, the district court recommended that Eakman's sentence "*should be served* at a community corrections center with the defendant being granted immediate work release status." Id. at 296 (emphasis added). Moreover, the Eakman court specifically concluded that based on the record "it appears highly likely (at a minimum) that the district court would have imposed a different sentence

8

had it not been for its contrary understanding." <u>Id.</u> At Lehet's resentencing, it is abundantly clear that the district court was making a recommendation for incarceration at a medical facility, acknowledging that the Bureau of Prisons did not have to follow her recommendation. This Court clearly weighed Lehet's medical and mental health issues before she denied his request for a downward departure and imposed a sentence at the low-end of the guidelines. Nothing in the record suggests that this Court would have imposed a different sentence had she known her designation recommendations to a medical facility would not be followed.

## Evidentiary Hearing

Lehet is not entitled to an evidentiary hearing. Lehet has the burden of establishing the need for an evidentiary hearing, see <u>Birt v. Montgomery</u>, 725 F.2d 587, 591 (11th Cir. 1984) (en banc), and he would be entitled to a hearing only if his allegations, if proved, would establish his right to collateral relief, <u>see Townsend v. Sain</u>, 372 U.S. 293, 307 (1963). "Under Rules Governing Section 2255 Cases, Rule 4(b), a district court faced with a § 2255 motion may make an order for its summary dismissal "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief[.]" <u>Broadwater v. United States</u>, 292 F.3d 1302, 1303 (11th Cir. 2002) (quoting 28 U.S.C. foll. § 2255). Accordingly, no hearing is required when the record establishes that a section 2255 claim lacks merit, <u>see United States v. Lagrone</u>, 727 F.2d 1037, 1038 (11th Cir. 1984), or that it is defaulted <u>see McCleskey v. Zant</u>, 499 U.S. 467, 494 (1991).

Lehet has not established any basis for an evidentiary hearing because the issue he raises is not cognizable and is based on faulty legal reasoning.   In his preliminary reply

and in his reply, Lehet alleges that he will be incarcerated past the time his sentence expires if he receives the medical treatment proposed by the BOP.  Lehet seeks to have this Court grant him a downward departure, and order that he be committed to a half-way house in Tampa, where the health care services for the B.O.P. "shall provide him with proper medical care, forthwith, and all other just and proper relief as law and justice may require."

Lehet alleges that he is scheduled to be released on February 6, 2007.  However, the B.O.P. website indicates that his projected release date from the federal penitentiary is July 3, 2007.[2]  Lehet can receive the required medical treatment and/or surgery and recover in the B.O.P. before his release date of July 3, 2007.  Furthermore, Lehet could refuse any surgery.

The statutes cited by Lehet do not require this Court to order the B.O.P. to release him to a halfway house and provide private medical treatment in a private hospital.

Having considered Lehet's arguments, the Court orders:

That Lehet's 2255 motion to vacate (CV-1; CR-73) is denied.  The Clerk is directed to enter judgment in the civil case and to close that case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that defendant is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must

---

[2]Nothing in the record demonstrates that Lehet is scheduled to be released to a halfway house in February 2007.

10

first issue a certificate of appealability (COA). Id. "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on January 22, 2007.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA:  Donald L. Hansen
Pro se:  Andrew Thomas Lehet, Jr.